UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| Tara Taylor, | ) | Civil Action Nos. 6:17-1875-BHH |
|---|---|---|
| Plaintiff, | ) | 6:19-1313-BHH |
| vs. | ) | |
| Fluor Corporation and Fluor Government Group International, Inc., | ) | **OPINION AND ORDER** |
| Defendants. | ) | |

This matter is before the Court for review of the Report and Recommendation entered by United States Magistrate Judge Kevin F. McDonald on July 31, 2019 ("Report"). (ECF No. 75, ECF No. 24 Taylor II.) In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02 for the District of South Carolina, this case was referred to Magistrate Judge McDonald for pretrial handling. In his Report, the Magistrate Judge recommends that Defendants Fluor Corporation and Fluor Government Group International, Inc.'s ("Defendants" or "Fluor") motion to consolidate the instant case ("*Taylor I*") with *Tara Taylor v. Fluor Corporation and Fluor Government Group International, Inc.*, No. 6:19-cv-1313-BHH-KFM ("*Taylor II*") should be denied. (*See* ECF No. 75 at 7.) The Report sets forth in detail the relevant facts and standards of law, and the Court incorporates them here without recitation.[1]

## **BACKGROUND**

---
[1] As always, the Court says only what is necessary to address Defendants' objections against the already meaningful backdrop of a thorough Report and Recommendation by the Magistrate Judge; exhaustive recitation of law and fact exists there.

1

The Magistrate Judge entered his Report on July 31, 2019, recommending that Defendants' motion to consolidate cases (ECF No. 69)[2] be denied. (ECF No. 75 at 7.) On August 14, 2019, Defendants filed objections challenging the Magistrate Judge's conclusion that consolidation is not warranted. (ECF No. 80.) Plaintiff filed a reply to Defendants' objections on August 22, 2019, and a supplement to that reply on October 20, 2019. (ECF Nos. 82 & 84.) The matter is ripe for consideration and the Court now makes the following ruling.

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). In the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

## DISCUSSION

The Magistrate Judge properly noted that in an employment discrimination case, common questions of law or fact exist for purposes of Federal Rule of Civil Procedure

---

[2] Fluor filed its motion to consolidate cases in both *Taylor I* and *Taylor II*. Likewise, Magistrate Judge McDonald entered his Report in both cases and the parties' filed their objections, responses, and subsequent filings pertinent to the motion in both cases. For ease of reference, when citing documents in the record the Court will indicate the relevant ECF docket number from *Taylor I* only.

42(a) when the "claims, brought against the same defendant, rely[] on the same witnesses, alleg[e] the same misconduct, and [were] answered with the same defenses." *Harris v. L & L Wings, Inc.*, 132 F.3d 978, 981 n.2 (4th Cir. 1997); (*see* ECF No. 75 at 4). Moreover, the Magistrate Judge concluded that Defendants failed to meet their burden of showing that consolidation is preferable to separate trials because there has been no showing that the cases alleged the same misconduct, rely on the same witnesses, or that Defendants will rely on the same defenses. (ECF No. 75 at 6.) Additionally, the Magistrate Judge noted the different procedural postures in *Taylor I*—which was pending a summary judgment ruling when the instant Report was issued and is now ready for trial (*see* ECF No. 83 (granting in part and denying in part Defendants' motion for summary judgment))—and *Taylor II*—in which a scheduling order had only recently been issued when the instant Report was issued. (*See* ECF No. 75 at 7.) To consolidate the cases, the Magistrate Judge reasoned, would unnecessarily delay the resolution of *Taylor I*. (*Id.*)

Defendants first object by arguing that there is undisputed evidence that the two lawsuits involve the same misconduct, same witnesses, and same defenses. (*See* ECF No. 80 at 3–5.) Defendants assert that, in order to establish her protected activity in *Taylor II*, Plaintiff will necessarily have to call the same witnesses required to prove her claims in *Taylor I*, a number of which currently live and work in Afghanistan, in other foreign countries, or out of state. (*Id.* at 4.) Defendants further argue that the distinction between the employment decision at issue in *Taylor I*—separation from employment—and the decision at issue in *Taylor II*—failure to hire—is one without a difference because Plaintiff claims that the decisions in both cases were rooted in her participation in two internal investigations and in the subsequent filing of a hotline complaint and EEOC charge. (*Id.* at 5.)

The Court disagrees with these assertions and finds Defendants arguments

3

insufficient to displace the sound reasoning of the Magistrate Judge. While it is true that some of Plaintiff's uncontested protected activity in *Taylor I* sets the factual background for the alleged retaliation in *Taylor II*, the core allegations of each case address completely separate and independent misconduct. In summary: (a) *Taylor I* alleges that Plaintiff's supervisor, Ron Riley ("Riley"), retaliated by involuntarily separating Plaintiff from her position in Afghanistan in September 2014; (b) *Taylor II* alleges that Fluor Corp and various subsidiaries—including eleven or more decision-makers uninvolved in *Taylor I*—retaliated against Plaintiff in subsequent years by not placing her into various positions either not advertised, for which she applied, or for which she allegedly should have been transferred. As Plaintiff aptly notes in her reply to Defendants' objections: (1) the retaliation at issue in the two cases occurred years apart; (2) Fluor has provided two lists of mutually exclusive decision-makers pertaining to the employment decisions at issue; and (3) the defenses in a separation case could never be the same as in a failure-to-hire case where the failure-to-hire claims are based on positions that did not exist at the time of the separation. (*See* ECF No. 82 at 5.) Suffice it to say, the Court remains entirely unconvinced that the lawsuits involve the same misconduct, same witnesses, and same defenses, and Defendants have not carried their burden to justify Rule 42(a) consolidation as annunciated in *Harris*. Accordingly, the objection is overruled.

Defendants next object by arguing that trial in *Taylor I* will not be unreasonably delayed by *Taylor II* if the cases are consolidated. (ECF No. 80 at 5–7.) Defendants state that the parties intend to include an expert discovery deadline in a forthcoming new scheduling order for *Taylor I*, and that the addition of this damages discovery in *Taylor I* will likely finish around the same time as the current discovery deadline in *Taylor II*. (*Id.* at 5–6.) Thus, Defendants aver, the cases are not really on separate procedural tracks at all. (*Id.* at 6.) Plaintiff counters that the only discovery matters the parties have agreed to

4

defer in *Taylor I* are the economic expert depositions, and a related updating of the damages figures in the expert reports given the passage of time, which can be done in one day. (ECF No. 82 at 8.) Moreover, Plaintiff contends that it is foreseeable based on Fluor's discovery responses that discovery in *Taylor II*, which has hardly begun, will be more extensive and in-depth than in *Taylor I*, in part because it involves many more decision-makers. (*Id.*) Finally, Plaintiff argues that there is no justifiable reason why further adjudication of the claims in *Taylor I* should be forestalled pending a summary judgment ruling in *Taylor II*, which is likely more than one and a half years out (June 2021) if the timeline of *Taylor I* is used as a guide. (*Id.*)

The Court finds that the trial in *Taylor I* will be unreasonably delayed by consolidation. The procedural postures of the two cases are not close. *Taylor I* is essentially ready for trial. Discovery in *Taylor II* is just beginning, and that case will no doubt involve significant summary judgment briefing, which will require substantial efforts from the parties and the Court to bring to resolution. None of the Defendants' arguments regarding this issue are effective to displace the sound reasoning of the Magistrate Judge, and the objection is overruled.

Defendants next object by arguing that the failure to consolidate the cases will create a risk of inconsistent outcomes. (ECF No. 80 at 7–8.) Specifically, Defendants assert that there is "potential for inconsistent outcomes on the determinative issue of retaliation, [as well as] countless other inconsistencies with respect to evidentiary rulings that could . . . lead to unnecessary appellate issues." (*Id.* at 8.)

This argument requires little discussion. The hypothetical posed by Fluor—that a jury in *Taylor I* could find that Fluor *did not* retaliate against Plaintiff when it eliminated her position in Afghanistan, while a second jury in *Taylor II* could find that Fluor *did* retaliate against Plaintiff by subsequently not hiring her for open positions (*see id.* at 7)—is

5

inapposite. Whether the *Taylor I* jury finds that Riley retaliated in 2014 is completely unrelated to how and why eleven or more *different* decision-makers elected not to hire or transfer Plaintiff in subsequent years. With risk of being redundant, the Court would note once again that the fact that Plaintiff engaged in protected activity during the time period relevant to *Taylor I* is undisputed. The Court sees no significant potential for materially inconsistent outcomes. Accordingly, the objection is overruled.

Finally, Defendants object by arguing that "duplicative discovery" between *Taylor I* and *Taylor II* is evidence of common legal and factual issues, further justifying consolidation. (ECF No. 80 at 8–9.) However, the mere fact that there may be some overlap between information produced in *Taylor I* and information sought in *Taylor II* is not directly relevant to the factors outlined in *Harris* regarding a determination as to the presence *vel non* of common questions of law or fact. In his Report, Magistrate Judge McDonald stated: "[I]t appears to the undersigned that the defendants' concern that *Taylor II* will require duplicative discovery can be avoided by cooperation and agreement between the parties." (ECF No. 75 at 7.) This sensible statement evinces no error, and the objection is overruled.

Ultimately, the Court's analysis of whether consolidation is appropriate is guided by the Fourth Circuit's annunciation of the "critical question" pertaining to such a decision:

> whether the specific risks of prejudice and possible confusion [are] overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives.

*Arnold v. E. Air Lines, Inc.*, 681 F.2d 186, 193 (4th Cir. 1982), *on reh'g*, 712 F.2d 899 (4th Cir. 1983) (citing 9 C. Wright & A. Miller, Federal Practice & Procedure: Civil s 2383 (1971)). In the instant case, the Court finds that relevant distinctions in case age,

6

procedural posture, material witnesses, and nature of the claims between *Taylor I* and *Taylor II* all militate against consolidation. The risk of prejudice to Plaintiff in unreasonable delay of trial in *Taylor I* is not overborne by the risk of inconsistent adjudication of common issues, burden on the parties, witnesses and judicial resources presented by multiple trials. *See id.* Accordingly, the motion to consolidate cases is denied.

## **CONCLUSION**

After careful consideration of the relevant materials and law, and for the reasons set forth above, the Court ADOPTS the Report (ECF No. 75, *Taylor I*; ECF No. 24, *Taylor II*) of the Magistrate Judge and incorporates it herein. Defendants' objections (ECF No. 80, *Taylor I*; ECF No. 25, *Taylor II*) are OVERRULED, and Defendants' motion to consolidate cases (ECF No. 69, *Taylor I*; ECF No. 8, *Taylor II*) is DENIED.

**IT IS SO ORDERED.**

/s/ Bruce Howe Hendricks
United States District Judge

October 24, 2019
Charleston, South Carolina